**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____
:
PAT ANGELO, et al.,                    :
                                       :
            Plaintiffs,                :
                                       :       Civil Action No. 08-6119 (JAG)
        v.                             :
                                       :               **OPINION**
P.G.S. Mason,                          :
                                       :
            Defendant.                 :
_____:

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on the motion seeking entry of default judgment (Docket Entry No. 6) and the amended declaration in support of default judgment (Docket Entry No. 7) filed by all plaintiffs.[1] Plaintiffs seek entry of default judgment against P.G.S. Mason

---

[1] Plaintiffs are: Pat Angelo, Joseph DeVita, Robert Gariepy, John F. Capo, Stephen Doherty, William DeRenzis, and Jeffrey Duffy, as Trustees of the BAC Local 4 Pension and Annuity Funds ( the "Local 4 Pension and Annuity Funds"); Michael Peterson, Rudolph Ricciardi, Robert Epifano, Joseph Speranza, Jr., Michael Schmerbeck, Jack Kocsis, Kenneth Simone, John F. Capo, Jeffrey Duffy, Donald Engelhardt, Kevin Duncan, and Richard Tolson, as Trustees of the New Jersey BAC Health Fund (the "N.J. BAC Health Fund"); James R. Prisco, Jr., Rudolph Ricciardi, Joseph Speranza, Jr., John F. Capo, Jeffrey Duffy, Donald Engelhardt, and Leon Jones, Jr., as Trustees of the New Jersey BM&P Apprentice and Education Fund (the "Apprentice Fund") (collectively "Local 4 Benefit Funds"); John Flynn, James Boland, Gerald O'Malley, Ken Lambert, Gerard Scarano, H.J. Bramlett, Eugene George, Robert Hoover, Matthew Aquiline, Gregory R. Hess, Michael Schmerbeck, Vincent Delazzero, Benjamin Capp, and William McConnell as Trustees of, and on behalf of, the Bricklayers & Trowel Trades International Pension Fund (the "IPF"), Jim Allen, Matthew Aquiline, Lon Best, James Boland, Ted Champ, Raymond Chapman, Vincent Delazzero, Bruce Dexter, John Flynn, Eugene George, Gregory Hess, Fred Kinateder, Dan Kwiatkowski, Ken Lambert, Santo Lanzafame, Dick Lauber, William McConnell, Edward Navarro, Gerald O'Malley, John Phillips, Charles Raso, Mark

("Defendant"), pursuant to FED. R. CIV. P. 55(b).  For the reasons stated below, this motion shall be granted.

## I. FACTS

Plaintiffs Local 4 Benefit Funds, IPF, and IMI provide employee fringe benefits to members of the Union.  (Compl. ¶ 21.)  Local 4 Benefit Funds and the IPF are multi-employer, labor-management trust funds, organized and operated pursuant to various collective bargaining agreements.  (Id. ¶¶ 4, 7, 10, 13.)  The IMI is an employee benefit plan and multi-employer plan.  (Id. ¶ 16.)  The Union is a labor organization.  (Id. ¶ 19.)  Defendant signed a Collective Bargaining Agreement ("CBA") with the Union establishing the terms and conditions of NFI's employees who work within the geographical jurisdiction of the Union.  (Id. ¶ 22.)  Pursuant to the CBA, Defendant agreed to pay fringe benefit contributions and forward dues checkoffs[2] for each hour worked by Defendant's employees who are covered by the CBA.  (Id. ¶ 23.)

Defendant has not fulfilled its statutory and contractual obligations to pay the required fringe benefit contributions to Plaintiffs and to remit dues checkoffs, and other contributions deducted from the wages paid to employees who performed work covered by the CBA.  (Id. ¶ 25.)  Between July 2008 and October 2008, Defendant failed to pay benefit contributions to

---

Rose, Kevin Ryan, Gerard Scarano, Michael Schmerbeck, Paul Songer, Joseph Speranza, and Fred Vautour as Trustees of, and on behalf of, the International Masonry Institute (hereinafter, the "IMI"), and John F. Capo, as Secretary Treasurer of the NJ BAC Administrative District Council (hereinafter, the "Union") (collectively, "Plaintiffs").

[2] A checkoff is "[a]n authorized withholding of union dues, fees, fines and assessments from the wages of union members and a turning over of such withheld money over to the union." Webster's Third New International Dictionary 382 (1993).

the Local 4 Benefit Funds in the amount of $25,298.43, benefit contributions to IPF and the IMI in the amount of $3,281.16, and dues checkoffs to the Union in the amount of $3,072.26, in violation of 29 U.S.C. §§ 1132(a)(3), 1145, 185, and the collective bargaining agreement. (Id. ¶¶ 1, 26.)  Plaintiffs now request that this Court enter judgment in favor of Plaintiffs in the amount of $40,424.99,[3] pursuant to FED. R. CIV. P. 55(b).  (Decl. of Charles R. Virginia in Supp. of Pl.'s Mot. for Default J. ("Virginia Decl.") ¶ 18.)

## II. LEGAL STANDARD

A district court can enter a default judgment, pursuant to FED. R. CIV. P. 55(b)(2), which states:

> In all other cases, the party must apply to the court for a default judgment.  A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared.  If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing.  The court may conduct hearings or make referrals–preserving any federal statutory right to a jury trial–when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

FED. R. CIV. P. 55(b)(2).  Further, the ultimate decision whether to enter default judgment in any given case "is left primarily to the discretion of the district court."  Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984).  See also F.T.C. v. Packers Brand Meats, Inc., 562 F.2d 9, 11 (8th Cir. 1977).

---

[3] The $40,424.99 is comprised of unpaid contributions, interest on the unpaid contributions, liquidated damages, attorneys' fees, and costs of this action.  (Virginia Decl. ¶ 4.)

3

"Default establishes the defaulting party's liability for the well-pleaded allegations of the complaint." United States v. Gant, 268 F. Supp. 2d 29, 32 (D.D.C. 2003) (citing Brock v. Unique Racquetball & Health Clubs, Inc., 786 F.2d 61, 65 (2d Cir. 1986)).  Default does not establish liability for the amount of damages claimed by the plaintiff. Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974) ("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation."). "The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999).

The district court has considerable latitude in determining the amount of damages. Jones v. Winnepesaukee Realty, 990 F.2d 1, 4 (1st Cir. 1993). In determining the amount, the district court may conduct a hearing. FED. R. CIV. P. 55(b)(2). The court is not required to do so, however, "as long as it ensure[s] that there [is] a basis for the damages specified in the default judgment." Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997). "It is familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." Pope v. United States, 323 U.S. 1, 65 (1944).

### III. JURISDICTION

Before a district court can enter default judgment against a party that has not filed responsive pleadings, the court "has an affirmative duty to look into its jurisdiction both over the

4

subject matter and the parties." Williams v. Life Sav. & Loan, 802 F.2d 1200, 1203 (10th Cir. 1986).

This Court finds that subject matter jurisdiction is proper under 28 U.S.C. § 1331. This action involves a federal question; namely the interpretation of the ERISA, 29 U.S.C. § 1145 and 29 U.S.C. § 1132(g)(2), in determining the amount of payment due to Plaintiffs. This Court also has personal jurisdiction over Defendant, since Defendant has its principal place of business in New Jersey. (Compl. ¶ 20.)

## IV. ANALYSIS

### A. Default Judgment

Defendant failed to appear, or otherwise plead, in response to the Complaint, which was filed on December 12, 2008 and served on Defendant on February 4, 2009. (See Compl. (Docket Entry No. 1) and Executed Summons for P.G.S. Mason (Docket Entry No. 2)). Plaintiffs requested an entry of default by the Clerk of the Court before filing the instant motion. (Docket Entry No. 4.) The Clerk entered default on March 6, 2009. (Docket Entry No. 5) This Court finds that default judgment is appropriate, under Fed. R. Civ. P. 55(b)(2), due to Defendant's failure to respond to the Complaint, despite having been served with the Complaint on February 4, 2009.

### B. Damages

Plaintiffs request that this Court enter judgment against Defendant in the amount of $40,424.99. The amount requested is calculated, pursuant to 29 U.S.C. § 1132(g)(2) and the Collective Bargaining Agreement. Section 1132(g)(2) of Title 29 of the United States Code states that:

5

> [T]he court shall award the plan (A) the unpaid contributions, (B) interest on the unpaid contributions, (C) an amount equal to the greater of--(i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of twenty percent of the amount determined by the court under subparagraph (A), (D) reasonable attorney's fees and costs of the action to be paid by the defendant, and (E) such other legal or equitable relief as the court deems appropriate.  For the purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

29 U.S.C. §1132(g)(2) (2009).  In accordance with this section, Plaintiff is entitled to the unpaid contributions, interest on the unpaid contributions, liquidated damages, reasonable attorney's fees, and costs of this action.  Based on this section, the following calculation results:

Local 4

A. Unpaid contributions between July 24, 2008 through October 31,2008.....................$25,298.43

B. Interest accrued on the principal debt at 10% per annum up to March 11, 2009..........$1,106.56

C. Liquidated damages of 20% of (A)............................................................................$5,059.69

IPF and IMI

A. Unpaid contributions between July 24, 2008 through October 31, 2008......................$3,281.16

B. Interest accrued on the principal debt at 15% per annum up to March 11, 2009.............$217.94

C. Liquidated damages of 20% of (A)...............................................................................$656.23

Other damages

A. Unpaid dues checkoffs for work performed between
    July 24, 2008 and October 31, 2008................................................................. $3,072.26

B. Reasonable attorneys fees and costs of the action.......................................................$1,732.72[4]

Total amount of damages..............................................................................................$40,424.99

## V. **CONCLUSION**

      For the reasons set forth above, this Court shall grant Plaintiffs' motion (Docket Entry No. 6) for default judgment.

Date: November 9, 2009

                                          S/Joseph A. Greenaway, Jr.
                                          JOSEPH A. GREENAWAY, JR., U.S.D.J.

---

[4] This amount includes actual attorney's fees incurred by Plaintiffs ($1,262.52), the United States District Court filing fee ($350.00), and the service fee ($120.20).  (Virginia Decl. ¶¶ 15, 16.)